UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARRY JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-cv-00814-HEA ) |
| SARAH E. PITLYK, | ) ) |
| Defendant. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Barry Johnson's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the application and the financial information submitted in support, the Court will grant the motion and waive the filing fee. Nevertheless, the Court will dismiss the Complaint under 28 U.S.C. § 1915(e)(2).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-

1

represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language, *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988), or is undertaken for the purpose of harassing the defendant and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). When determining whether an action is malicious, the Court may consider the plaintiff's prior litigious conduct in addition to the complaint before it. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

**Prior Litigation**

A review of this Court's records shows that Plaintiff has filed several cases with this Court. *See Jackson v. Universal Studios*, No. 4:21-cv-00854-PLC (E.D. Mo. 2021); *Jackson v. TSG Entertainment*, No. 4:21-cv-00927-RLW (E.D. Mo. 2021); *Jackson v. Universal (Studios) Pictures*, No. 4:23-cv-01101-PLC (E.D. Mo. 2023); *Jackson v. Universal Pictures*, No. 4:23-cv-01386-SEP (E.D. Mo. 2023). All were dismissed upon initial review. *Id.* The Court takes judicial notice of these earlier proceedings. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (stating that a court may take judicial notice of its own records) (citations omitted).

A review of Missouri's online docketing system shows that Plaintiff has also filed several actions in state court. In 2019, Plaintiff sued the founders of Facebook, Twitter, and YouTube. *Jackson v. Zuckerberg*, No. 1922-CC00618 (22nd Jud. Cir. Mar. 22, 2019). During a hearing in that case, the judge found Plaintiff in civil contempt for cursing at the judge multiple times. The court eventually dismissed all claims.

Also in 2019, Plaintiff sued Warner Brothers Films for allegedly stealing his "Iron Queen" script from his computer and using it to make the movie "Harriet." *Jackson v. Warner Brothers Films*, No. 1922-CC11738 (22nd Jud. Cir. Oct. 15, 2019). Warner Brothers moved to dismiss on the basis that Plaintiff's allegations were frivolous and failed to state claim. The state court granted the motion and dismissed the case.

In 2020, Plaintiff filed four actions in state court alleging copyright infringement, two of which were against Universal Studios. *See Jackson v. Universal Studio*, No. 20SL-CC00357 (21st Jud. Cir. Jan. 21, 2020); *Jackson v. Universal Studios*, No. 20SL-CC03946 (21st Jud. Cir. Aug. 7, 2020). In these actions, Plaintiff claimed that Universal hacked his computer and stole his "Iron Queen" script. In the first action, Plaintiff claimed that Universal offered him "a bag of money at

3

the Library on 367," which he declined because he is a "Freelance writer" and does not "do Long Term contracts." The state court dismissed that action in June of 2020 after Plaintiff failed to pay the filing fee. Plaintiff filed the second action shortly thereafter and claimed that Universal stole his script from his laptop, rearranged it, and used it to produce the film "Harriet." The court dismissed that matter on May 14, 2024 for failure to prosecute.

In another 2020 case, Plaintiff sued "Paramount Films" for stealing his script to make the movie "X-Men Apaculpse [sic]." *Jackson v. Paramount Films*, No. 20SL-CC00358 (21st Jud. Cir. Jan. 21, 2020). According to Plaintiff, Paramount made $5 billion from the movie and did not give Plaintiff a "honey bun." The case was eventually dismissed when Plaintiff failed to pay the filing fee. Also in 2020, Plaintiff sued "Twenty Century Fox ENT" for stealing his script "Extricate" and making billions of dollars from it without giving him a "dime." *Jackson v. Twenty Century Fox Ent.*, No. 20SL-CC02655 (21st Jud. Cir. May 7, 2020). The state court dismissed the matter in March of 2022 for Plaintiff's failure to prosecute. This Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (stating that a district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

## The Complaint

Plaintiff brings the present action under 28 U.S.C. § 1983 against the Honorable Judge Sarah E. Pitlyk. (ECF No. 1). Plaintiff appears to assert that Judge Pitlyk violated his constitutional rights by dismissing *Jackson v. Universal Pictures*, No. 4:23-cv-01386-SEP (E.D. Mo. 2023). *Id.* Plaintiff states:

> Everytime I file my petition, she keep my copyrights with the GOLD SEAL, HIDDEN, she lies and cause them a print out, she brings tell lies saying I cursed out other judges, she lied and said, she said I fail to show ownership, she means Authorship, the only way I wouldn't

4

>have Authorship is if I signed my rights over, then she lied said my copyrights was from 20/20, when it was submitted in 2016. She is prejudice, and universal says, the own her and all the judges in St. Louis . . . this is a threat to civil rights.

*Id.* at 5 (ellipsis, grammar, and spelling original).

In his case before Judge Pitlyk, Plaintiff alleged that Universal Pictures approached him at "the library on 367" sometime in 2015. He stated that he refused to sign a contract with the company because the terms were unfair. Even so, Plaintiff reported that he gave Universal a copy of his script and "the [company] said they would come back with a better contract[.]" According to Plaintiff, Universal did not return and instead used Plaintiff's script without his permission. Plaintiff sought $20 million and recognition for his work on the unidentified project. The Court dismissed that action on April 18, 2024, as frivolous and for failure to state a claim upon which relief could be granted.

**Discussion**

Plaintiff broadly asserts that Judge Pitlyk violated his civil rights. For the reasons discussed below, the Court finds that Plaintiff's Complaint is frivolous, malicious, and fails to state a plausible claim to relief.

Judicial immunity provides judges with immunity from suit, allowing them to exercise the authority with which they are vested, and to act upon their own convictions. *See Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 925 (8th Cir. 2020). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). This immunity applies even when the judge is accused of acting maliciously or corruptly. *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *see also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

5

Judicial immunity bars recovery in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). First, a judge does not have immunity for non-judicial actions. *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462 (8th Cir. 1994). "An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982); *see also Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 760 (8th Cir. 2019) (stating "that to determine whether an act is judicial, courts look to the particular act's relation to the general function normally performed by a judge").

Second, a judge is not immune from lawsuits based on actions taken in the complete absence of jurisdiction. *Duty*, 42 F.3d at 462. This is the case even if the judge's actions were judicial in nature. *Schottel*, 687 F.3d at 373. In the context of judicial immunity, however, the scope of the judge's jurisdiction is construed broadly. *Justice Network, Inc.*, 931 F.3d at 762. "[A]n action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction." *Mireles*, 502 U.S. at 13.

Judge Pitlyk dismissed Plaintiff's previous action after reviewing his complaint under 28 U.S.C. § 1915. Plaintiff does not and cannot reasonably argue that such review is a non-judicial action. Further, Plaintiff does not argue that the Court lacked jurisdiction over his lawsuit. Thus, neither of the "narrow sets of circumstances" described above are applicable in this case. Plaintiff's baseless accusations of prejudice do not overcome judicial immunity. *See Woodworth*, 891 F.3d at 1090. Thus, the Court finds that Plaintiff has failed to state a plausible claim to relief against Judge Pitlyk.

The Court also finds that Plaintiff's Complaint is frivolous because it lacks an arguable basis in both law and fact. *See Neitzke*, 490 U.S. at 328. Plaintiff seems to suggest that his lawsuit

6

against Universal was so foolproof that only malevolence could explain the Court's dismissal of his complaint. But even a cursory review of Plaintiff's previous lawsuits reveals that the Court regularly dismisses his actions under 28 U.S.C. § 1915. Simply put, Judge Pitlyk's well-reasoned analysis in *Jackson v. Universal Pictures* is consistent with the Court's interpretation of Plaintiff's other previous lawsuits. There is nothing in the record to support Plaintiff's allegations against Judge Pitlyk.

Similarly, the Court finds that Plaintiff's Complaint is malicious. An action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language. *In re Tyler*, 839 F.2d at 1293. When determining whether an action is malicious, the Court may consider a plaintiff's prior litigious conduct in addition to the complaint before it. *Cochran*, 73 F.3d at 1316. Having considered the Complaint and Plaintiff's prior litigious conduct, the Court concludes that this action is yet another example of Plaintiff's longstanding pattern of abusive and repetitious lawsuits.

## Conclusion

For the foregoing reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this  5th day of  September , 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE